IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAUL TAPIA RODRIGUEZ,                )
                                     )
                                     )
            Petitioner,              )    3:26-CV-285
                                     )
                                     )
    v.                               )
                                     )
PAMELA BONDI; *et al.*,              )
                                     )
                                     )
            Respondents.             )

## **ORDER**

Before the Court is Petitioner's motion to enforce (ECF 12) this Court's March 25, 2026, order (ECF 11).  Petitioner is a noncitizen native of Mexico detained at Moshannon Valley Detention Center.  Petitioner requested an individualized bond hearing under 8 U.S.C. § 1226.  ECF 1.[1]  On March 25, 2026, the Court found that Petitioner's detention is authorized under Section 1226, not Section 1225, and so issued a conditional writ of habeas corpus and ordered Respondents to provide an individualized bond hearing in front of an Immigration Judge. ECF 11.

Petitioner received a bond hearing pursuant to this Court's March 25, 2026, order on April 8, 2026.  ECF 12-3.  At that hearing, the IJ denied Petitioner bond because the IJ determined he is a flight risk.  *Id.*  Petitioner challenges the IJ's denial of bond, arguing that his bond hearing was unconstitutional in violation of his Fifth Amendment right to due process.  ECF 12 at 2–3.  The Court has carefully reviewed the transcript of the April 8, 2026, bond hearing, and **DENIES** Petitioner's motion to enforce (ECF 12) for the reasons below.

Federal courts "lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision," and may only "review whether the bond hearing

---

[1] Petitioner also motioned for a preliminary injunction (ECF 8) on February 27, 2026, which this Court denied (ECF 9).

was fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at \*2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we are limited to reviewing only those [] challenges that pertain to the adequacy of process [appellant] received at his bond hearing.").

A Section 1226 bond hearing is fundamentally fair when three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the detainee must be allowed to make arguments on his or her behalf; and (3) the IJ makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at \*2; *see also Quinteros*, 784 F. App'x at 78. The Court considers whether Petitioner's April 8, 2026, bond hearing was fundamentally fair under this framework.

There is no dispute that the first two elements were met here. Petitioner argues under prong three that the IJ did not make an individualized determination based on Petitioner's interests. ECF 12-1 at 4–5. The IJ denied bond because Petitioner is a flight risk due to two factors: (1) Petitioner has a low likelihood of success on appeal ("He has been ordered removed from the United States. The Court has reviewed the evidence and I'm not making any new findings or anything of that nature, but I'm looking at whether or not there's any reasonable chance of success on appeal, and I don't see that there is. So that makes the respondent a significant flight risk."); and (2) Petitioner has been in the United States for 20 years and has remained undetected by law enforcement until recently ("He was able to reside safely in a location and establish this life in the United States without being detected by immigration…there's a greater chance that respondent will simply take that risk again, rather than appear for any removal order when he's been told he can't stay."). ECF 12-3 at 6–7.

The Court finds that Petitioner's bond hearing was fundamentally fair under prong three because the IJ explained his reasons for denying bond, including not only finding that Petitioner is a flight risk, but providing his reasons supporting that finding.[2]

Petitioner received a fair hearing. This Court lacks jurisdiction to re-weigh the IJ's determination on the merits. *Ghanem*, 2022 WL 574624, at \*2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

For these reasons, the Court **DENIES** Petitioner's motion to enforce (ECF 12).

DATED this 18th day of March, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[2] By contrast, some district courts have held that where the IJ makes a finding of "flight risk" without providing any reasons, that this violates due process. Compare *Zheng v. Rokosky*, No. 26-CV-01689, 2026 WL 800203, , at \*5 (D.N.J. Mar. 23, 2026 (finding petitioner's bond hearing fundamentally unfair because the IJ "failed to provide any explanation whatsoever for her supposed alternative holding that Petitioner is a flight risk, and by all appearances acted as a 'mere rubber-stamp,' for Respondents' predetermined decision to deny bond."); *Vera-Velez v. Louis Soto*, No. 26CV1480 (EP) (MAH), 2026 WL 963348, at \*1 (D.N.J. Apr. 9, 2026) (granting petitioner's motion to enforce because no bond hearing transcript existed, and ordering respondents to provide petitioner with a new bond hearing before a different immigration judge with instructions that respondents bear the burden of demonstrating petitioner is a flight risk or danger to the community).